## WINTON *v.* STATE.

Opinion delivered November 18, 1905.

1. LIQUORS—UNLAWFUL SALE—REVENUE LICENSE AS EVIDENCE.—Under Kirby's Digest, § 5144, providing that possession of license from the United States to sell liquors shall be *prima facie* evidence of guilt of the party owning or controlling the house, *held* that if it be conceded that a steamboat is a "house," within the above statute, it was error to instruct the jury that the possession of a United States revenue license was *prima facie* evidence of his guilt, if defendant contended

that he neither owned nor controlled the steamboat in which the license was found. (Page 145.)

2. SAME—POSSESSION OF LICENSE BY OWNER OR CONTROLLER OF HOUSE.— Kirby's Digest, § 5144, which makes the possession of a revenue license *prima facie* evidence of unlawfully selling liquors against the owner or controller of the house, extends to all cases of unlawful selling of liquor where it is shown that the defendant was at the time of the sale either the owner or the controller of the house where the revenue license was kept or found. (Page 145.)

Appeal from Union Circuit Court; CHARLES W. SMITH, Judge; reversed.

### STATEMENT BY THE COURT.

The defendant, R. S. Winton, was indicted, tried and convicted in Union Circuit Court for selling a quart of liquor without license. There was evidence tending to show that Winton and one Cole were operating a small steamboat on the Ouachita River, which had a bar for the sale of liquors, that the liquor was sold when the boat was in Union County, and that the defendant was interested in the sale, and present on the boat at the time it was made. For defense, the defendant testified that he and Cole at one time owned the boat jointly, and that they applied for a revenue license to sell whisky in Louisiana and Arkansas; that at this time they were in Louisiana; that, before the license was procured and before the boat reached Arkansas, he sold his entire interest in the boat and the business to Cole, and that he had had no interest in the boat or the business since that time, but had only acted as pilot on the boat. He denied that he had ever sold or had any interest in any sale of whisky made in the State of Arkansas.

Among other instructions the court gave to the jury the following over the objection of the defendant:

"If you believe that the defendant had revenue license to sell whisky at Felsenthal, Ark., and that it covered the time of this sale, or that the license was alive at that time, then it is *prima facie* evidence of his guilt; and, unless the defendant shows that he did not sell any whisky, it will be the duty of the jury to find him guilty, and assess his punishment as the court has told you."

The defendant appealed from the judgment of conviction.

*A. P. McMahan* and *H. P. Smead,* for appellant.

The court's first instruction was erroneous. The proof must establish that the defendant owned or controlled the house (boat) before U. S. revenue license to sell is *prima facie* evidence of guilt. Kirby's Digest, § 5144.

*Robert L. Rogers, Attorney General,* for appellee.

It was the intention of the Legislature to make the finding of U. S. revenue license to sell in a prohibited district *prima facie* evidence in all cases.

RIDDICK, J., (after stating the facts.)    This is an appeal from a judgment convicting the defendant of selling liquor without license, and we are of the opinion that the judgment must be reversed because of error in giving the instruction set out in the statement of facts.    Our statutes provide that in certain cases where a party is charged with selling liquor unlawfully, and is proved to have had a United States license for selling liquor in his house or building, such license "shall be *prima facie* evidence of the guilt of the party owning or controlling the house."    Sec. 5144, Kirby's Digest.    But if we take this boat as a house, within the meaning of the statute, there was a conflict in the evidence as to whether defendant was the owner or controller of the boat at the time the whisky was sold and the revenue license was found there.    He testified positively that he had no interest in the boat, and that he was not the owner or controller thereof at that time. This being so, it was error for the court to tell the jury that, if defendant had a revenue license at time he was charged with selling liquor, it was *prima facie* evidence of his guilt, and that they should convict him, unless defendant showed that he did not sell any liquor. The fact that he had the revenue license might be evidence against him for the jury to consider, but it could not be said to be *prima facie* evidence of his guilt unless it was shown that he was either the owner or the controller of the boat when the whisky was said to have been sold.

We are of the opinion that the court correctly held that this statute which makes revenue license *prima facie* evidence against the owner or controller of the house extends to all cases of unlawful selling of liquor where it is shown that the defendant was at the time of the sale either the owner or controller of the house where the revenue license was kept or found.

But for the reasons stated we are of the opinion that the judgment must be reversed, and the case remanded for a new trial.